(April 17, 1901.)

## REID v. STEELE, JUDGE.

[64 Pac. 892.]

WRIT OF REVIEW—TRUSTEE—DEPOSIT IN COURT.—Under the provisions of section 4339 of the Revised Statutes, when it is admitted by the pleading of a party, or shown upon his examination, that he has in his possession or under his control money that he is holding as trustee for others, who apply to the court for an order requiring the holder thereof to turn the same into court, the court has jurisdiction to grant such application, and to make an order requiring the money to be deposited in court.

(Syllabus by the court.)

An original proceeding for writ of review.

James W. Reid, for Plaintiff, files no brief.

E. O'Neill, for Defendant, files no brief.

SULLIVAN, J.—The plaintiff made an application to this court for a writ of review to the Honorable Edgar C. Steele, judge of the district court of the second judicial district, for the purpose of reviewing an order made by said judge on the sixteenth day of January, 1901, in a certain cause wherein John Green was plaintiff and Mark Arthur, Isaiah Billy, Eddie Connor, and James Reid were defendants, whereby the said defendant Reid was directed to pay $502 into court on or be-

fore the twenty-fifth day of February, 1901. It is alleged in the petition that the plaintiff herein, in his answer to the cross-complaint in said action, claims said money, and that the other defendants also claim it; that, notwithstanding the conflicting claims thus made to said money, the court made the order above referred to, and that the judge had no jurisdiction to make said order; that said order was made under the provisions of section 4339 of the Revised Statutes; and that there is no admission by the pleadings or in an examination of the parties that the money in question belonged to the petitioner's codefendants, upon whose application the said order was made. As the petition made a proper showing for the issuance of a writ of review, one was issued directing the said judge to certify fully to this court a transcript of his proceedings in the matter complained of on the first day of April, 1901, which was done. It appears from said return that all of the parties to the action except said Reid had made application to said judge for an order requiring said Reid to turn said money into court; and said Reid, in his answer to the cross-complaints filed in said action, admits that he holds said $502 upon the condition that he hold the same until a certain criminal proceeding was determined (which had at the time of filing said answer been determined), and that he holds the same subject to the order and judgment of said court. It is thus made to appear by the admission in the pleading of the plaintiff to this proceeding that he holds said money subject to the orders of said court, and that, so far as he is concerned, he has no claim to it; and it also appears from said return that all of the parties claiming any interest in said fund have petitioned the said court to make the order complained of by the plaintiff herein. Said section 4339 is as follows: "When it is admitted by the pleading, or shown upon the examination of a party, that he has in his possession, or under his control any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same, upon motion, to be deposited in court or delivered to such party, upon such conditions as may be just, subject to the further direction

of the court." In that action it was admitted by the pleading that the plaintiff to this proceeding held said money as trustee, and the court had jurisdiction to make the order complained of under the provisions of said section 4339, and the action of the court therein is affirmed. Costs of this proceeding are awarded to the defendant.

Quarles, C. J., and Stockslager, J., concur.